# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**METAWISE GROUP, INC.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1050-Orl-31JGG**

**BRAZIL AMAZON TRADING, INC. and**
**BRUNILDA OBUHOSKY,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR INVOLUNTARY DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT (Doc. No. 38)**
>
> **FILED:** September 30, 2005
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

In its two-count amended complaint (Doc. 34), the Plaintiff, Metawise Group, Inc. ("Metawise"), seeks to recover damages for contractual breaches allegedly committed by the Defendants, Brazil Amazon Trading, Inc. ("BAT") and Brunilda Obuhosky ("Obuhosky"). Metawise contends that it contracted with BAT to purchase ore in South America and have it shipped to China, and that it prepaid BAT approximately $2.1 million to cover the cost of the ore and shipping. (Doc. 34 at 2-3). Metawise contends that BAT failed to pay the third-party shipper that BAT had contracted

with, who in turn failed to pay the vessel operator hauling the ore, who in turn threatened to seize a portion of the cargo – i.e., Metawise's ore – to cover the freight bill. (Doc. 34 at 4-5). To prevent this, Metawise says, it entered into an "Agreement/Promissory Note" in which it agreed to lend BAT $600,000 in exchange for BAT's promises, *inter alia*, to pay the vessel operator and to see that the ore was delivered to Metawise's customer in China with no further problems. (Doc. 34 at 5).[1] Metawise contends that BAT did not make good on these promises, and that BAT and Obuhosky – who guaranteed the debt – have not repaid the $600,000. (Doc. 34 at 5-6).

The Defendants now move to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds of illegality. (Doc. 38). The Defendants contend that the vessel transporting the ore was owned by the Iranian government shipping line, and that unlicensed transactions involving Iran violate various federal regulations, statutes and executive orders and are therefore unenforceable. (Doc. 38 at 2). Because the "Agreement/Promissory Note" facilitated such a prohibited transaction, the Defendants continue, it is unenforceable. (Doc. 38 at 2).

The Defendants have not demonstrated an entitlement to dismissal. All the Defendants have done is list a series of federal rules and regulations that transactions involving Iran allegedly violate. They have not quoted the relevant portions of those pronouncements or explained their application to the instant case. The Defendants have not provided case law demonstrating that such transactions are illegal, that agreements facilitating them are illegal and unenforceable, or that agreements such as those at issue in the instant case must fall into these categories.

---

[1] A copy of the "Agreement/Promissory Note" is attached to the Amended Complaint. (Doc. 34, Exh. 1).

Moreover, as Metawise points out (Doc. 46), the Defendants have failed to establish the facts underlying their contentions – e.g., that the vessel was owned by the Iranian government, that Metawise knew or should have known this, and so on. To the contrary, Metawise contends that the Defendants selected the Iranian vessel through their agent and that the law will not permit them to receive a windfall as a result. (Doc. 46 at 6-9). The Defendants have attempted to establish at least some of the necessary facts by attaching letters and other documents to its motion to dismiss. (Doc. 39, Exh. 1-4). However, in ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The amended complaint and the attached "Agreement/Promissory Note" do not establish the facts needed to support the motion to dismiss. In consideration of the foregoing, it is hereby

**ORDERED** that the Defendants' Motion for Involuntary Dismissal of Plaintiff's Amended Complaint (Doc. 38) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties