# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**METAWISE GROUP, INC.,**

                           **Plaintiff,**

**-vs-**                                        **Case No.  6:05-cv-1050-Orl-31KRS**

**BRAZIL AMAZON TRADING, INC. and**
**BRUNILDA OBUHOSKY,**

                           **Defendants.**

_____

## ORDER

       This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. No. 49)**
>
> **FILED:**      **October 20, 2005**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

## I.    BACKGROUND.

       This case arises from agreements between Plaintiff Metawise Group, Inc. (MGI) and Defendants Brazil Amazon Trading, Inc. (BAT) and Brunilda Obuhosky regarding shipments of iron ore. In essence, MGI alleges that, in June 2003, it entered into a purchase and sale agreement for purchase of ore from BAT. Under that agreement, the ore was to be transported directly to MGI's designee in China. MGI paid BAT for three shipments of ore. The first two shipments were delivered. However, a dispute arose regarding payment of the freight bill between BAT and its

shipping subcontractor as to the third shipment of ore.  BAT claimed that it did not have money to pay

the freight bill because it had used the money MGI paid for the third shipment of ore to purchase rights

to additional ore.  In order to resolve the dispute, MGI lent BAT $600,000, which money MGI

transmitted directly to the owner of the vessel on which the third shipment of ore was loaded.  In turn,

BAT executed a promissory note agreeing to repay the $600,000 loan "by deducting the total amount

of the loan from the invoice from the next shipment of iron ore, that BAT sells to MGI."  Doc. No.

34, ex. 1.  The promissory note further provided that "[t]he next shipment must be made before June

15, 2004."  *Id.*  Obuhosky personally guaranteed payment of the $600,000 if BAT failed to repay the

funds "from the proceeds of [the] Iron Ore contract . . . ."  *Id.*

MGI alleges that neither BAT nor Obuhosky have repaid the $600,000 loan, or compensated

MGI for other losses incurred in obtaining release of the third shipment of ore.  It alleges, further, that

BAT misrepresented its ownership of ore and, as a result, it was not able to make additional shipments

of ore as contemplated in the promissory note.

## II.   DISCOVERY DISPUTES.

MGI served requests for production of documents on BAT, three of which are in dispute.  I

will address each disputed request in turn.

### A.      *Request for Production Number 19.*

Request number 19 seeks "[a]ll documents concerning BAT's ownership, control, options or

possession of iron ore for the year 2003."  Doc. 49 at 2.  This request is directly related to MGI's

allegation that BAT misrepresented its ability to supply ore for the future shipments contemplated by

the promissory note.  BAT contends, among other things, that the requested information may reveal

trade secrets or confidential commercial information, but it provided no privilege log identifying the responsive documents that it contends are privileged or protected, as required by Fed. R. Civ. P. 26(b)(5).  Finally, because the request is limited in time and in subject matter, BAT's contention that the "all documents" request is necessarily overbroad is not well taken.

Accordingly, the motion to compel production of documents responsive to request number 19 is **GRANTED**.  It is **ORDERED** that BAT shall produce documents responsive to request number 19 for inspection by counsel for MGI on or before November 21, 2005.  If BAT contends that any specific documents are protected by a legally recognized privilege or protection, it shall also serve on counsel for MGI, on or before November 21, 2005, a privilege log that sets forth each responsive document withheld from production based on privilege or protection.[1]  The privilege log must identify each document withheld by date, author, recipients (including recipients of copies), specific privilege or protection claimed and it must describe the subject matter of each document in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection.

B.      *Request for Production Number 22.*

Request number 22 seeks "[a]ll corporate reports, minutes, resolutions, and the like, identifying each of BAT's officers, directors and managers."  Doc. No. 49 at 3.  MGI asserts that this request was designed to learn who held each such position so that it may depose all of the proper witnesses.  BAT objects to the request as overbroad, among other things.  This objection is well taken. If MGI's goal is simply to identify the officers, directors and managers of BAT, it may do so in a more

---

[1] Going forward, a privilege log must be tendered at the time responses are made to discovery requests, rather than after a motion to compel is served.

-3-

direct fashion than requiring production of all corporate reports, minutes, and the like that contain the names of officers, directors and managers of BAT.  Therefore, the motion to compel production of documents responsive to request number 22 is **DENIED**.

     *C.     Request for Production Number 23.*

Request number 23 seeks "[a]ll documents, including but not limited to general ledgers (including those on a monthly basis) concerning the taxation, bookkeeping, or accounting treatment of any funds received by BAT from or on behalf of MGI."  Doc. No. 49 at 4-5.  BAT also objects to this request as overbroad, among other things.  I cannot readily discern how documents reflecting "how the transaction [between BAT and MGI] was reported to the U.S. Government," *id*. at 5, for tax purposes has any bearing on the issues presented in this case.  Further, how BAT internally accounted for the funds received from MGI is remote from the question of whether BAT's representation that it did not have funds to pay the shipper was true.  Accordingly, the request is overbroad.  Therefore, the motion to compel production of documents responsive to request number 23 is **DENIED**.

     *D.     Attorneys' Fees and Costs*.

Because the motion is granted in part and denied in part, I find that an award of attorneys' fees and costs is inappropriate.

**DONE** and **ORDERED** in Orlando, Florida on November 9, 2005.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-4-